IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| TIFFIN L. SMITH, | ) | |
| Plaintiff, | ) | Case No. 7:14-cv-00477 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHERIFF CHIP HARDY,[1] *et al.*, | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

Before the Court are three motions filed by Plaintiff Tiffin L. Smith, and one motion filed by Defendant Richard Caligiuri.

Smith, a state inmate proceeding *pro se*, has filed two discovery motions and a motion to amend his complaint. ECF Nos. 27, 34, 36. On December 31, 2014, Smith filed a discovery motion seeking certain jail policies about separating "court witnesses and/or co-defendants," "all documentation relating to his arrest," information about his transportation to and from court on the day that Smith's co-defendant Jeremy Cruz allegedly beat Smith with a pair of handcuffs, and any other documents or information related to that alleged attack. Mot. for Disc. ¶¶ 1–9, ECF No. 27; *see also* Compl. 3, ECF No. 1. On January 29, 2015, Smith filed a motion to compel the Defendants to provide the information identified in his discovery motion as well as information about Cruz's gang classification. Mot. to Compel Disc. ¶¶ 2–4, ECF No. 34.

On January 30, 2015, the Defendants responded to the motions to compel and noted that the Plaintiff filed them prematurely and without conferring with the Defendants, as required by Rule 37. Def. Br. in Opp., ECF No. 35. They further informed the Court that they would respond to Smith's requests and interrogatories within 30 days of service, as required by Rules 33 and 34

---

[1] The parties inform the Court that the lead Defendant is Sheriff John E. "Chip" Harding. *See, e.g.*, Harding/ACRJ Br. in Supp. 1, Dec. 15, 2014, ECF No. 24; Pl. Br. in Opp. 1, Dec. 31, 2014, ECF No. 26.

1

of the Federal Rules of Civil Procedure. *See id.* ¶¶ 4–9. The Plaintiff has not renewed these motions. Accordingly, Smith's Motion for Discovery, ECF No. 27, and Motion to Compel Discovery, ECF No. 34, are hereby DENIED WITHOUT PREJUDICE.

In his motion to amend, Smith seeks to substitute C. Woods for Defendant "John Doe II," who was one of two intake officers at Albemarle/Charlottesville Regional Jail ("ACRJ") on the day that Cruz allegedly beat Smith with the handcuffs. *See* Mot. to Amend ¶¶ 1, 3; Pl. Resp. Identifying John Doe Defs. 2, Oct. 27, 2014, ECF No. 13; Compl. 1, 3. Smith also seeks to add Officer J. Lotts, Sergeant C.J. Mundy, and the Charlottesville City Sheriff as defendants because they allegedly put Smith in that dangerous situation. *See* Mot. to Amend 1–4. Defendants argue that Smith's proposed amendments are futile because he "cannot show" that any "current or potential defendant" violated his rights under the Eighth Amendment to the United States Constitution. Def. Br. in Opp. 1, Mar. 6, 2015, ECF No. 38; *see also* Harding/ACRJ Mot. to Dismiss or for Summ. J., ECF No. 24; Caligiuri Mot. to Dismiss, ECF No. 30.

Smith's Motion to Amend his Complaint, ECF No. 36, is hereby TAKEN UNDER ADVISEMENT pending the undersigned's recommended disposition of the Defendants' motions to dismiss or for summary judgment.

In his motion to file a late pleading, Caligiuri seeks leave to answer Smith's complaint after the time for doing so has expired. ECF No. 29. Counsel informs the Court that Smith's complaint identifies Caligiuri as Defendant "Officer John Doe," and that neither Caligiuri nor officials at ACRJ realized that Smith had sued Caligiuri personally until January 7, 2015, when the U.S. District Court Clerk's Office told counsel that Caligiuri's responsive pleading was due.[2] *See id.* ¶¶ 5–12. The Virginia Division of Risk Management asked counsel to represent Caligiuri

---

[2] Caligiuri's answer was due by December 26, 2014. *See* ECF Nos. 14, 22; Fed. R. Civ. P. 4(d)(3), 12(a)(1)(A)(ii).

the next day, *id.* ¶ 4, and counsel filed both the motion to file a late pleading, ECF No. 29, and a motion to dismiss the complaint, ECF No. 30, on January 13, 2015.

"[T]he court may, for good cause, extend the time" for filing a responsive pleading "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Determining "whether neglect is excusable 'is at bottom an equitable [consideration]'" that must take into account all of the relevant circumstances, including the risk of prejudicing the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) (per curiam) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The "most important" factor is the movant's reason for not filing on time. *Id.* (citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d at 530, 534 (1996)).

On November 7, 2014, Caligiuri executed and returned a waiver of service addressed to "C/O Calugria" dated October 27, 2014. *See* ECF Nos. 14, 22. Caligiuri explains that he thought he was waiving service on Defendant ACRJ's behalf and that he "had no idea" that he was "C/O Calugria" because the document attached to the waiver did not name that person as a defendant. *See* Mot. to File Late Pleading ¶¶ 7–11. Smith did not object to Caligiuri's motion to file out of time. *See* Br. in Opp. to Mot. to Dismiss, Jan. 29, 2015, ECF No. 33. The Court finds that Caligiuri's confusion was understandable given the information that he had at the time, that Caligiuri acted in good faith by promptly seeking an extension, and that allowing Caligiuri to file his Answer now[3] would neither prejudice Smith nor impede these judicial proceedings.

Accordingly, Caligiuri's motion to file a late pleading, ECF No. 29, is hereby GRANTED.

---

[3] Caligiuri did not attach his proposed Answer to his motion to file out of time. *See* Mot. to File Late Pleading ¶ 14.

In summary, Plaintiff's motions to compel, ECF Nos. 27, 34, are DENIED WITHOUT PREJUDICE; Plaintiff's motion to amend complaint, ECF No. 36, is TAKEN UNDER ADVISEMENT; and Defendant's motion to file a late pleading, ECF No. 29, is GRANTED.

It is so ORDERED.

The Clerk shall deliver a copy of this order to the parties.

ENTERED: May 21, 2015

Joel C. Hoppe
United States Magistrate Judge