IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIFFIN L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:14cv00477 |
| v. ) | |
| ) | |
| SHERIFF CHIP HARDY[1], et al., ) | By: Michael F. Urbanski |
| ) | United States District Judge |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

<u>Pro se</u> plaintiff Tiffin L. Smith brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Fourteenth Amendment.[2] Defendants are Albemarle County Sheriff John E. Harding, the Albemarle-Charlottesville Regional Jail ("ACRJ"), Officer Richard Caligiuri, and Officer "John Doe II." Smith alleges that the defendants failed to enter a "keep away order" to prevent contact between Smith and a fellow detainee, Jeremy J. Cruz. Smith claims the defendants' failure to enter the order allowed Cruz to assault Smith after Cruz was seated next to him in a transport van. The three named defendants moved to dismiss the complaint (ECF Nos. 23, 30), and Smith responded (ECF Nos. 26, 33). Smith then moved to amend his complaint to join four new defendants, Officer J. Lotts, Sergeant C. J. Mundy, the "Sheriff for the City of Charlottesville," and Corporal C. Woods, who Smith identified as Officer "John Doe II." ECF No. 36. The three named defendants opposed Smith's motion to amend. ECF No. 38. This matter was

---

[1] The court re-states the notation made by the magistrate judge, correcting the name of the lead defendant from "Sheriff Chip Hardy" to Albemarle County Sheriff John E. Harding. ECF No. 47, at 1 n.1.

[2] Smith was a pre-trial detainee at the time of the alleged assault. See ECF No. 47, at 5. This means his failure-to-protect claim must sound in the substantive due process clause of the Fourteenth Amendment, not the Eighth Amendment's ban on cruel and unusual punishments. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The standard for deliberate indifference claims is identical under either Amendment, however. See, e.g., Parrish, 372 F.3d at 302–03; Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001).

referred to United States Magistrate Judge Joel C. Hoppe for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

In a report and recommendation issued on August 5, 2015, the magistrate judge recommended that the court grant Sheriff Harding and ACRJ's motion to dismiss, deny Officer Caligiuri's motion to dismiss, and deny Smith's motion to amend as futile. ECF No. 47, at 1–2. The report gave notice that objections should be filed within fourteen days, and Officer Caligiuri subsequently filed his objections to the report on August 18, 2015. ECF No. 48. Smith filed no objections to the report and recommendation.

For the reasons set for below, the court will **ADOPT in part** and **DENY in part** the report and recommendation (ECF No. 47), **OVERRULE** Officer Caligiuri's objections (ECF No. 48), **DENY** Officer Caligiuri's motion to dismiss (ECF No. 30), **GRANT** Sherriff Harding and ACRJ's motion to dismiss (ECF No. 23), and **GRANT in part** Smith's motion to amend (ECF No. 36).

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

2

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter which, if accepted as true, "state[s] a claim to relief that is

3

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is "facially plausible" when the facts alleged "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

While the court must accept as true all well-pled factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.") (internal quotation marks omitted). Thus, in order to survive a Rule 12(b)(6) motion, the complaint must present sufficient nonconclusory factual allegations to support a reasonable inference that the plaintiff is entitled to relief and the defendant is liable for the unlawful act or omission alleged. See Francis v. Giacomelli, 588 F.3d 186, 196–97 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678–79 and Gooden v. Howard Cnty., Md., 954 F.2d 960, 969–70 (4th Cir. 1992) (en banc)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III.

Officer Caligiuri objects to two findings by the magistrate judge. First, he argues that the magistrate judge applied the wrong legal standard to determine the "seriousness" of Smith's alleged

4

injuries. ECF No. 48, at 5. Second, Officer Caligiuri claims the magistrate judge erred in his finding of deliberate indifference, arguing that new evidence shows that a "keep away order" was entered on the day Smith was arrested. Id. These objections are styled as specific objections, and are reviewed de novo.

Officer Caligiuri also argues he is entitled to qualified immunity. Id. The claim of qualified immunity was not presented to the magistrate judge, and is not addressed in the report and recommendation. However, the court will consider this new argument in its review. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("[T]he party entitled to de novo review must be permitted to raise before the court any argument . . . that it could have raised before the magistrate judge.").

### A. Serious or Significant Injury

The court turns first to the issue of Smith's injuries. A plaintiff alleging a failure-to-protect claim must meet a two-prong test. Under the first, objective prong, the plaintiff must show an injury that amounts to a "serious deprivation of his [constitutional] rights." Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014); see also Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) ("[A] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."). Under the second, subjective prong, the plaintiff must show that the defendants were deliberately indifferent to his "health or safety," in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Danser, 772 F.3d at 347 (quoting Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994)).

In his report and recommendation, the magistrate judge held that Smith did not need to allege a "serious" injury in order to state a plausible failure-to-protect claim. ECF No. 47, at 8. Instead, the magistrate judge concluded that Smith must only show that he suffered "some physical

5

harm" and "was incarcerated under conditions posing a substantial risk of serious harm."[3]  Id. (quoting Thomas v. Younce, 605 F. App'x 325, 326 (4th Cir. 2015) (per curiam)).  Noting that Smith alleged that Officer Caligiuri failed to enter a "keep away order" after being told that Smith should have no contact with Cruz—which led to Cruz's eventual assault on Smith—the magistrate judge found sufficient facts to satisfy the first, objective prong of a failure-to-protect claim.  Id.

Officer Caligiuri objects to the injury standard used by the magistrate judge.  He claims Smith must allege a "serious or significant physical or emotional injury" to state a plausible claim for relief.  ECF No. 48, at 8.  Officer Caligiuri points to several Fourth Circuit decisions that require this higher injury standard.  ECF No. 48, at 7–14.  For example, the court in Brown v. North Carolina Department of Corrections, 612 F.3d 720 (4th Cir. 2010) required that an inmate show a "serious or significant physical or emotional injury" to succeed on a failure-to-protect claim.  Id. at 723 (citing Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003)).  Other Fourth Circuit decisions mirror Brown's "serious or significant injury" standard.  See Danser v. Standsberry, 772 F. 3d 340, 346 n.8 (4th Cir. 2014) (affirming that inmates must show a "significant injury" in failure-to-protect cases); De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (applying "significant injury" requirement in deliberate indifference claim involving inadequate medical care); see also Saunders v. Buckner, No. 1:07-CV-501, 2008 WL 4104439, at *5–6 (E.D. Va. Aug. 28, 2008) (granting defendants' summary judgment motion on failure-to-protect claims where plaintiff suffered only a "small cut" and "contusions"), aff'd, 350 F. App'x 825 (4th Cir. 2009).  Officer Caligiuri argues that Smith's original complaint fails to state a claim under this more onerous injury standard because

---

[3] At least one other court cites the "substantial risk" standard used by the magistrate judge, though that court also stated that the plaintiff suffered "serious physical injuries" that satisfied the objective prong.  See Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015).  Other courts apply the "substantial risk" standard only in the context of future injury claims.  See, e.g., Johnson v. Pearson, 316 F. Supp. 2d 307, 316 (E.D. Va. 2004) (denying motion to dismiss where plaintiff offered proof of an "unreasonable risk" to his future health associated with exposure to tobacco smoke in prison).

6

Smith received only a minor head injury that required no "substantial or urgent medical intervention." ECF No. 48, at 7–14. The court disagrees.

Officer Caligiuri's objection is well taken, and the court acknowledges the confusion among district courts about how "serious" an inmate's injury must be to state a valid failure-to-protect claim. Some courts find evidence of a de minimis injury sufficient. See, e.g., King-Fields v. Leggett, No. 11-CV-1491, 2014 WL 694969, at *10 & n.15 (D. Md. Feb. 19, 2014) (noting no authority to dismiss plaintiff's claim for a de minimis injury); Portee v. Felder, No. 2:07-CV-945, 2008 WL 2252325, at *8 (D.S.C. May 28, 2008) (same), aff'd in part, dismissed in part sub nom., Portee v. Washington, 372 F. App'x 361 (4th Cir. 2010). Others courts require the higher injury standard proposed by Officer Caligiuri. See Saunders, 2008 WL 4104439, at *5–6 (E.D. Va. Aug. 28, 2008) (holding that minor injuries do not amount to the "extreme" deprivation of rights necessary for failure-to-protect claims); Sullivan v. Coleman, No. 9:06-CV-1588, 2006 WL 3759757, at *6–7 (D.S.C. Dec. 18, 2006) ("Because plaintiff's injuries were de minimis, no [c]onstitutional violation can be found even if defendants acted with deliberate indifference."); see also Foxworth v. Major, No. 8:08-CV-2795, 2009 WL 2368737, at *7–8 (D.S.C. July 30, 2009) (dismissing condition-of-confinement claim where plaintiff's medical records showed only de minimis injury).

The court need not resolve this issue to rule on Officer Caligiuri's motion to dismiss, however. Even under the more onerous injury standard proposed by Officer Caligiuri, Smith has alleged a plausible failure-to-protect claim. In his complaint, Smith alleges that he was "viciously attacked" and "beat in my head with a set of handcuffs." ECF No. 1, at 2, 4. He also claims he received medical treatment at the "Jail Medical Department" and that the attack led officers to charge Smith's assailant, Jeremy Cruz, with assault. Id. at 2. Accepting Smith's "well-pled allegations . . . as true" and construing all "reasonable inferences . . . in the light most favorable to [Smith]," Ibarra, 120 F.3d at 474, the court finds that Smith's complaint contains sufficient facts to

7

raise a reasonable inference both that he: (1) suffered a "serious or significant physical injury" under Officer Caligiuri's proposed standard; and (2) "was incarcerated under conditions posing a substantial risk or serious harm" under the standard applied by the magistrate judge. While Officer Caligiuri remains free to dispute the seriousness of Smith's injuries in a motion for summary judgment or other proceeding, this court is limited to a review under the Rule 12(b)(6) standard.[4] See Thomas, 604 F. App'x at 326 (reversing dismissal of failure-to-protect claims where the district court failed to accept plaintiff's allegations as true in ruling on a defendant's motion to dismiss). This court thus agrees with the magistrate judge's ultimate conclusion that Smith's complaint alleges sufficient facts to state a plausible claim under the objective prong of the failure-to-protect standard.

### B. Deliberate Indifference

Officer Caligiuri next objects to the magistrate judge's finding on deliberate indifference. As stated above, a failure-to-protect claim has two prongs. The second prong requires that a plaintiff show that the defendants were deliberately indifferent to his "health or safety," in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Danser v. Standsberry, 772 F.3d 340, 347 (4th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994)). This requires more than negligence; a defendant must have "actual knowledge of an excessive risk to the plaintiff's safety." Id. However, "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

---

[4] In his objections, Officer Caligiuri referenced Smith's medical records attached to the motion to dismiss filed by his co-defendants, Sheriff Harding and ACRJ. ECF No. 48, at 8. Officer Caligiuri asked the to court to consider these records as evidence that Smith's injuries were not serious. Id. However, for the same reasons stated in Part II.B of this opinion, the court will not exercise its discretion to convert this motion into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, and will thus not consider material outside the pleadings in ruling on Officer Caligiuri's Rule 12(b)(6) motion to dismiss.

8

In his complaint, Smith alleges that Officer Caligiuri was the booking officer on the day he was processed into ACRJ.[5] ECF No. 1, at 2. Smith claims a second officer told Officer Caligiuri to enter a "keep away order" between Smith and his co-defendant Jeremy Cruz. Id. at 2. This order is a "process entered into the computer system at [ACRJ] to keep [individuals] separate from each other for safety reasons." ECF No. 13, at 2. A "keep away order" between Cruz and Smith was necessary because Smith intended to testify against Cruz in a pending criminal case. ECF No. 1, at 4. Smith claims that Officer Caligiuri failed to enter the "keep away order", which resulted in Cruz assaulting Smith when they were later transported to court together. Id. at 2. Based on these facts, the magistrate judge found that Smith alleged sufficient facts to show that Officer Caligiuri (1) "knew about the heightened risk Cruz posed to Smith" and (2) failed to act to "promptly enter" the "keep away order." ECF No. 47, at 8.

In his objections, Officer Caligiuri notes that a "keep away order" was entered by another officer at ACRJ on the same day Smith entered the jail. ECF No. 48, at 6. This order required officers to prevent contact between Smith and Cruz. Id. A certified copy of the order is attached to Officer Caligiuri objections.[6] See Ex. 1, ECF No. 48-1, at 3. "[I]n light of the actual existence of the notice," Officer Caligiuri now argues that Smith's complaint no longer states a plausible claim of deliberate indifference against him. ECF No. 48, at 7. The court again disagrees.

The current motion before the court is a Rule 12(b)(6) motion to dismiss. In ruling on this motion, the court is limited to a facial review of Smith's complaint. See Occupy Columbia v. Haley,

---

[5] As noted in Part IV of this opinion, Smith is inconsistent in his description of Officer Caligiuri's role in the assault.

[6] A copy of the "keep away order" entered at ACRJ was not attached to Officer Caligiuri's motion to dismiss, nor was it referenced in his supporting brief. See ECF Nos. 30, 31. Sheriff Harding and ACRJ also did not attach the "keep away order" to their motion to dismiss or accompanying brief. See ECF Nos. 23, 24. The only prior references the court could find to the entered "keep away order" was a brief notation in Sheriff Harding/ACRJ's reply in support of their motion to dismiss and a reference in an attachment to their reply. See ECF No. 28, at 4; Attach. 1, Reply Mem., ECF 28-1, at 2. Officer Caligiuri agrees that the evidence was not before the magistrate judge when he prepared the report and recommendation, but provides no explanation for the omission. ECF No. 48, at 14.

9

738 F.3d 107, 116 (4th Cir. 2013). It must only decide if Smith's complaint alleges facts which, if accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court cannot consider material outside the pleadings. See Occupy Columbia, 738 F.3d at 116. Officer Caligiuri cites various exceptions to this rule, see ECF No. 48, at 4, but the court finds none of these exceptions applicable to the material at issue here. Thus, while evidence of "keep away order" entered on the day of Smith's arrest may be relevant in later proceedings, it has no bearing on the current motion.[7]

    Mindful of this procedural posture, the court agrees with the conclusions of the magistrate judge. To make a plausible showing of deliberate indifference, Smith must allege sufficient facts to show that Officer Caligiuri had "actual knowledge" of an "excessive risk to [Smith's] health and safety," and subsequently disregarded that risk. Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 834, 837). Smith claims Officer Caligiuri was the ACRJ booking officer, that he was given express instructions to enter a "keep away order," and then failed to do so. ECF No. 1 at 3. These allegations support a reasonable inference that Officer Caligiuri knew about the risk that Cruz would assault Smith and disregarded that risk by failing to enter the order. Smith's complaint thus presents sufficient facts to satisfy the second, subjective prong of his failure-to-protect claim. In so holding,

---

[7] While this court has authority pursuant to Rule 12(d) of the Federal Rules of Civil Procedure to convert Officer Caligiuri's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment—allowing it to consider materials outside the pleadings—the court declines to do so. To be sure, Smith was given notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that Officer Caligiuri's motion to dismiss could be converted to a motion for summary judgment. ECF No. 32. Smith thus had notice that the court could convert the motion into a summary judgment motion, and had a "reasonable opportunity" to submit additional information. See id.; see also Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) (holding that courts must be particularly solicitous of pro se plaintiffs when converting a motion to dismiss). However, the court believes the factual record is still incomplete in this case. While Officer Caligiuri has provided a copy of the "keep away order," no party has provided information on the various ACRJ policies and procedures governing entry of these orders, nor have the parties explained the significance of an officer other than Officer Caligiuri entering the "keep away order" for Smith and Cruz on the day Smith was arrested. Further, it appears to the court that significant discovery has taken place in this case, but little information has been presented to the court. Absent such information, the court could not determine the impact, if any, of this new evidence on Smith's failure-to-protect claim against Officer Caligiuri. The court thus declines to convert Officer Caligiuri's motion, and will not consider any material outside the pleadings until they are presented in a motion for summary judgment or other proceeding.

10

the court makes no finding on the continued merit of Smith's claim in light of the new evidence offered by Officer Caligiuri. Officer Caligiuri may very well have a strong defense based on this new information. That question, however, is not yet before the court. For the reasons stated above, the court finds that Smith has stated a plausible claim against Officer Caligiuri, and will deny the Rule 12(b)(6) motion to dismiss.

### C. Qualified Immunity

Officer Caligiuri also asserts the defense of qualified immunity. Under the doctrine of qualified immunity, government officials are shielded from liability unless "(1) the allegations underlying the claim, if true, substantiate the violation of a federal statutory or constitutional right; and (2) this violation was of a clearly established right of which a reasonable person would have known." Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 305 (4th Cir. 2006) (internal quotations omitted). A plaintiff bears the burden to show that a defendant's conduct violated the plaintiff's right. Bryant v. Muth, 994 F.2d 1082, 1086 (4th Cir. 1993). Meanwhile, a defendant must show that the right was not clearly established at the time of the alleged incident in order to receive qualified immunity. Henry v. Purnell, 501 F.3d 374, 378 (4th Cir. 2007). "The unlawfulness of the action must be apparent when assessed from the perspective of an objectively reasonable official charged with knowledge of the established law." Lopez v. Robinson, 914 F.2d 486, 489 (4th Cir. 1990).

As discussed above, Smith's complaint adequately alleges that Officer Caligiuri failed to protect Smith from an assault by a fellow inmate. An officer's failure to protect an inmate from assaults by fellow inmates can give rise to a constitutional violation under the Eighth or Fourteenth Amendments. Farmer v. Brennan, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.") (internal quotations and citations omitted); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987) ("The Eighth Amendment protects a

11

convicted inmate from physical harm at the hands of fellow inmates."). Further, this right was clearly established at the time the incident with Cruz took place. See, e.g., Pressly, 816 F.2d at 979; McFadden v. Allison, No. 08-CV-0154, 2009 WL 3247358, at *5 (D. Md. Oct. 9, 2009) (finding that a pretrial detainee's right "to be free from prison officials' deliberate indifference to . . . assaults by other inmates" was "clearly established" as of 2006). Officer Caligiuri is thus not entitled to qualified immunity at this time. This ruling does not, however, preclude him from later moving for summary judgment on his qualified immunity defense if he so desires.

## IV.

In his report, the magistrate judge also recommended denying Smith's motion to amend as futile. Smith moved to amend his complaint to add new factual allegations against Officer Caligiuri and to join four new defendants, Officer J. Lotts, Sergeant C. J. Mundy, the "Sheriff for the City of Charlottesville," and Corporal C. Woods, who Smith identified as Officer "John Doe II." ECF No. 36. Smith failed to raise any objection to the magistrate judge's report, and this court will thus review the recommendations for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). After careful review of the report and recommendation, the court will grant leave to amend with respect to Officer Lotts, Sergeant Mundy, and Corporal Woods, but deny leave to amend with respect to the "Sheriff for the City of Charlottesville."

Leave to amend a pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure should be "freely granted." Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002). A court may deny leave to amend where the proposed amendment is "clearly insufficient or frivolous on its face." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 200 (4th Cir. 2014) (internal citation omitted). For example, an amendment is futile where the amended pleading could not survive a motion to dismiss. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995); Miller v. Jack, No. 1:06-CV-64, 2007 WL 1169179, at *1 (N.D.W. Va. Apr. 19, 2007). In addition, some courts deny

12

leave to amend where the amended pleading could not withstand a motion for summary judgment. See McKay Consulting v. Rockingham Mem'l Hosp., No. 5:09-CV-00054, 2010 WL 3200061, at *9 (W.D. Va. Aug. 11, 2010); Smith v. EVB, No. 3:09-CV-554, 2010 WL 1253986, at *2 (E.D. Va. Mar. 23, 2010) (citing Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390–91 (4th Cir. 2008)). In the context of pro se litigants, however, the court must liberally construe any pleading to "avoid inequity." See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). "If a pro se complaint contains a potentially cognizable claim, the plaintiff should be given an opportunity to particularize his allegations." Sweeting v. McCabe, 141 F. App'x 177, 178 (4th Cir. 2005) (citing Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)). In his report and recommendation, the magistrate judge applied a motion to dismiss standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure to analyze the futility of Smith's motion to amend. See ECF No. 47, at 11. The court agrees that a Rule 12(b)(6) standard is the appropriate standard to use in this case, see, e.g., Perkins, 55 F.3d at 917, subject to the court's duty to be "especially solicitous" of a civil rights plaintiff proceeding pro se. Gordon, 574 F.2d at 1151.

Smith's motion to amend is futile if he fails to make a plausible showing of both a "serious deprivation of his [constitutional] rights" and that the new defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014). The court has already found that Smith has alleged an injury sufficient to satisfy the first prong of his failure-to-protect claim. For the reasons stated below, the court also holds that Smith has adequately alleged deliberate indifference with respect to Officer Lott, Sergeant Mundy, and Corporal Woods.

In his motion to amend, Smith alleges that Officer Lotts was the "booking officer for ACRJ" who "did not enter the 'keep away [order]' in the PISTOL software system" after the arresting officer placed a keep away notice between Smith and Cruz. ECF No. 36, at 1–2. Smith

13

also claims that Corporal Woods—who Smith now identifies as Officer "John Doe II" from his original complaint—was the "intake officer assigned the day [Smith was] transport[ed] to court." Id. As intake officer, Corporal Woods "notate[s] the keep away [order] on the Summary/Officer Release Form," that identifies the various prisoners being transported on that day. Id. at 3. Smith alleges that Corporal Woods failed to make a notation about the "keep away order" between Smith and Cruz. Id. Smith further claims that Sergeant Mundy was the officer who transported Smith and Cruz at the time of the assault, and later returned Smith and Cruz to the jail together despite knowing of Cruz's prior assault on Smith. Id.

Based on these new allegations, the court finds that Smith alleges sufficient facts to warrant leave to amend his complaint. Construing the facts in the light most favorable to Smith, the allegations in Smith's motion to amend support a reasonable inference that Officer Lotts, Sergeant Mundy, and Corporal Woods had some knowledge that Cruz and Smith should be kept separate, and disregarded that risk by failing to properly account for the "keep away order" and subsequently transferring Smith and Cruz in the same transport van. To be sure, Smith's new allegations offer only vague facts about what the three defendants knew about the risk Cruz posed to Smith. However, a pro se plaintiff's failure to state claims with "technical precision" should not forfeit his right to amend his claims with a more particularized statement of facts. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965); see also Gordon, 574 F.2d at 1151 (noting that district courts must scrutinize even the most "faintly articulated" pro se pleadings to "insure that constitutional deprivations are redressed and that justice is done."). Smith's amended complaint may well fail to allege the necessary facts to show that Officer Lotts, Sergeant Mundy, and Corporal Woods were deliberately indifferent to the danger Cruz posed to Smith. At this stage in the proceedings, however, the court finds it appropriate to allow Smith the opportunity to present the court with his amended allegations.

14

Smith's claims against the "Sheriff of the City of Charlottesville" are a different matter, however. Smith alleges that the Charlottesville City Sheriff "would have to know" that policies governing "keep away orders" were not being followed. ECF No. 36, at 4. While supervisors may be liable under a "tacit authorization theory" for constitutional violations committed by officers under their control, a plaintiff must show that the "supervisor fails to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place." Danser, 772 F.3d at 350. Smith's new allegations against the Charlottesville City Sherriff fall far short of a plausible tacit authorization claim. Even assuming that the Charlottesville City Sheriff supervises some of the officers involved in this incident, Smith alleges no facts to show a pattern of comparable conduct involving officers ignoring "keep away orders" during prisoner transports. The court thus finds that Smith's claims against the Sheriff stop far "short of the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). As such, the court agrees with the magistrate judge's conclusion that Smith's motion to amend with respect to the Charlottesville City Sheriff is futile.

Finally, Smith brings new allegations against Officer Caligiuri in his motion to amend. In his original complaint, Smith alleged that Officer Caligiuri "booked him into the [ACRJ], subsequent to his arrest" on May 2, 2014. ECF No. 13, at 2. In his motion to amend, Smith now claims that Officer Caligiuri "was [also] present at intake during [Smith's] transport to court" on or about June 12, 2014. ECF No. 36, at 2. The magistrate judge understood Smith's complaint to allege that Officer Caligiuri was only the officer who "booked Smith into the jail when he [first] arrived" at ACRJ. ECF No. 47, at 4. Officer Caligiuri adopted this understanding in his objections to the report and recommendation. ECF No. 48, at 1. However, construing Smith's pro se pleadings liberally, as it must, the court believes Smith now alleges that Officer Caligiuri was present on both the day Smith was arrested and the day Smith was transported to court. Pursuant to the court's

15

decision to grant Smith's motion to amend, Smith has leave to clarify his factual allegation and theories of liability against Officer Caligiuri.

## V.

The magistrate judge recommended granting Sheriff Harding and ACRJ's motion to dismiss. ECF No. 47, at 1–2. Despite giving notice that objections must be filed in fourteen days, Smith failed to file any objection to the magistrate judge's recommendations. By failing to file timely objections, Smith waives his right to de novo review and his right to appeal the court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). After careful review of the report and recommendation, the court finds that the magistrate judge's conclusion as to this motion is not clearly erroneous, and will grant Sheriff Harding and ACRJ's motion to dismiss.

## VI.

For the reasons set for above, the court will **ADOPT in part** and **DENY in part** the report and recommendation (ECF No. 47), **OVERRULE** Officer Caligiuri's objections (ECF No. 48), **DENY** Officer Caligiuri's motion to dismiss (ECF No. 30), **GRANT** Sherriff Harding and ACRJ's motion to dismiss (ECF No. 23), and **GRANT in part** Smith's motion to amend (ECF No. 36). Smith has thirty (30) days to file one (1) amended complaint clarifying his factual allegations against Officer Caligiuri and setting forth the factual basis for his failure-to-protect claim against Officer J. Lotts, Sergeant C. J. Mundy, and Corporal C. Woods.

An appropriate Order will be entered.

Entered: September 21, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge