CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 23 2015

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIFFIN L. SMITH, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:14cv00477 |
| v. | ) |
| SHERIFF CHIP HARDY, et al., | ) By:  Michael F. Urbanski |
| | )         United States District Judge |
| Defendants. | ) |

## DISMISSAL ORDER

This matter is before the court on plaintiff Tiffin L. Smith's motion to voluntarily dismiss this case (ECF No. 55), which the court construes as a motion pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Smith, an inmate who is proceeding pro se, filed this § 1983 action in September 2014. Defendants thereafter moved to dismiss the complaint and Smith sought leave to amend. By Order entered September 21, 2015, the court denied defendant Caligiuri's motion to dismiss, granted Sheriff Harding and the Albemarle County Regional Jail's motion to dismiss, granted in part Smith's motion for leave to amend, and gave plaintiff Smith 30 days to file an amended complaint clarifying certain remaining claims. Smith sought and was granted an extension until November 25, 2015 to file his amended complaint. He failed to comply with this deadline. In an Order entered December 7, 2015, the United States Magistrate Judge warned Smith that a failure to file an amended complaint within 10 days will result in immediate dismissal of this action without prejudice. Smith again failed to comply with the deadline. On December 18, 2015, Smith filed the instant motion to voluntarily dismiss this case, asserting he lacks the legal skills to prosecute this case pro se and would like to retain counsel once released from custody and re-file his claims.

Although this case has been pending for more than a year, it is still in the early stages of litigation. As such, the court finds a dismissal pursuant to Rule 41(a)(2) to be appropriate.[1]

Accordingly, it is hereby **ORDERED** that this case is hereby **DISMISSED** without prejudice and **STRICKEN** from the active docket of the court.

Entered: 12/23/15

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge

---

[1] Alternatively, this matter could be dismissed without prejudice on account of plaintiff's failure to prosecute.